

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DARLENE MACK | § | **A 01CA 884 JN** |
| VS. | § | CIVIL ACTION NO. |
| SOUTHWEST TEXAS STATE UNIVERSITY | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Darlene Mack, in the above-styled and numbered cause, makes and files this Plaintiff's Original Complaint, and respectfully shows as follows:

### JURISDICTION

I.

This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 United States Code §2000(e), et seq.

II.

This Court has jurisdiction of the Plaintiff's Claim pursuant to 28 U.S.C., §§1331 and 1343(4).

This action is brought and jurisdiction lies, inter alia, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5 and 2000e-5(f)(3).

### PARTIES

III.

A. Plaintiff, Darlene Mack, is a citizen of the United States and of the State of Texas and resides in San Marcos, Hays County, Texas.

Plaintiff is a female Hispanic who works for the Defendant, Southwest Texas State University. Darlene Mack is a "person" within the meaning of §701(a) of Title VII of the Civil Rights Act of 1964.

B. The unlawful employment practices and the other violations of Plaintiff's rights alleged herein were committed in San Marcos, Hays County, Texas. Defendant, Southwest Texas State University (SWTSU) is an agency of the State of Texas.

## STATEMENT OF FACTS
### IV.

A. Plaintiff, Darlene Mack, has been an employee of Defendant, SWTSU, for over seven (7) years. Plaintiff had been employed as a Systems Analyst I. In a recent reorganization, she was classified into a position which allows for limited pay step increases. This reclassification is a demotion.

B. Ms. Mack has been disciplined for infractions for which male employees are not disciplined. Ms. Mack has opposed these discriminatory practices. Yet, she continues to suffer discipline for infractions for which male co-workers are not similarly disciplined.

## FIRST CLAIM FOR RELIEF
### V.

Plaintiff realleges and incorporates by reference paragraphs I through IV. During Plaintiff's employment at SWTSU, Defendant discriminated against Plaintiff with respect to terms, conditions and privileges of her employment because of Plaintiff's gender. Defendant's

discriminatory conduct violated §703(a) and §704(a) of the Civil Rights Act of 1964, 42 U.S.C.A. §2000 e-2(a) and 42 U.S.C. §2000e-3(a). Such discrimination consisted of the following:

A. Arbitrarily imposing upon Plaintiff a higher standard of performance of her duties than that imposed upon similarly situated co-workers at SWTSU who are not female;

B. Subjecting the Plaintiff to discriminatory comments;

C. Taking disciplinary measures, while similarly situated co-workers who are not female are not similarly disciplined;

D. Allowing the existence of a discriminatory work environment;

E. Denying career opportunities; and

F. Subjecting the Plaintiff to retaliation and reprisal for the exercise of this right to oppose employment practices which are unlawful under the Civil Rights Act of 1964.

The above actions of the Defendant, SWTSU, constitute disparate treatment of Plaintiff on the basis of gender.

VI.

The unlawful practices of Defendant, in violation of Title VII of the Civil Rights Act of 1964 complained of above, have occurred during the course of Plaintiff's employment with Defendant, SWTSU and have been carried out by Defendant's agents, servants and employees.

The Plaintiff stood at all times ready, willing and able to perform her duties and to accept the benefits to which she is entitled to receive.

VII.

By reason of Defendant's actions, Plaintiff has found it necessary to retain the services of an attorney in these proceedings, and is therefore

entitled to attorney's fees pursuant to §706 of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1988.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for trial upon the merits of this Cause, and upon trial prays for judgment against the Defendant as follows:

1. Back pay and lost wages and benefits as authorized under Title VII of the Civil Rights Act of 1964 in an amount to be determined at trial;

2. Promotion to a position commensurate with her abilities and qualifications;

3. Compensatory and punitive damages under Title VII in an amount to be determined at trial;

4. Pre-judgment and post-judgment interest as provided for by law;

5. Attorney's Fees;

6. Costs of court;

7. Declaratory and injunctive relief as follows:

8. That Defendant be enjoined from continuing the above conduct toward Plaintiff.

9. That trial by jury be afforded to Plaintiff pursuant to Rule 38(B) of the Federal Rules of Civil Procedure; and

10. Such other and further relief, both general and special, at law and in equity, as the Court deems necessary and appropriate to correct the conditions of discrimination complained above.

Respectfully submitted,

*[signature: Thomas J. Crane]*
Thomas J. Crane
T.S.B. No. 05007320

LAW OFFICE OF THOMAS J. CRANE
2318 San Pedro, Suite 4
San Antonio, Texas 78212
(210) 733-8519
(210) 733-1850 Fax

Attorney for Plaintiff